CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
June 11, 1856, Caleb Adams assigned Ms property in trust for the payment of bis debts, as set out in the deed to appellants McAfee and Peter Dunn, who accepted the trust, and entered upon the discharge of their duties. Dunn having since died, his personal representatives are made parties. October 15, 1861, said trustees paid appellees $971.05, and took from them a receipt, and refunding bond with covenant to refund “in the event the same has in whole or in part been paid wrongfully, or in the event that the same or any part thereof should be necessary to a proper or rightful distribution of the effects of said Adams under the deed of trust.” Subsequently the trustees settled their account with the county judge, who ascertained the assets in their hands to be $21,514.58, and their payments $22,796.58; balance of payments over assets $1,282. This settlement was made August 21 and 22, 1863. In September, 1864, this suit was begun on said refunding bond to compel appellees to refund, and to which they responded, substantially denying said settlement, or that the county judge or county court had jurisdiction to make it, and denying they had wrongfully received any money from appellants, or were legally responsible to refund to them.
The cause, by consent, was then transferred to the equity docket, and referred to the master in chancery to audit the accounts and report thereon, and any balance due the plaintiffs.
The master subsequently notified the parties that he would take proof at a given time and place, and proceed to the discharge of his duties in said cause, but neither party appeared or offered any evidence; all of which he reported to court. This was more than twenty months after issue made by the answer. At the July term, 1866, *539 the plaintiff offered to file an amended petition, which was rejected; but it is not made part of the record by any signed bill of exception, and if it was we can not say the court erred in rejecting it.
The cause, on defendant’s motion, being ordered for trial, the plaintiffs offered as evidence a transcript of the county court settlement, which the court also rejected, and ordered the plaintiff’s petition to be dismissed absolutely. After this direction, and before the judgment was drawn out, the plaintiffs moved fo dismiss their petition without prejudice, which the court refused, and they seek a reversal.
Subsection 3 of section 28, Civil Code, gives to county courts jurisdiction “for the settlement of the accounts of executors, administrators, curators, guardians, trustees, and other fiduciaries appointed by the court, according to the provisions of chapter 27, article 22 of the Revised Statutes, and provisions of this Code.”
Section 521, Civil Code, declares that “the county court in the clerk’s office of which the deed or will creating the trust is recorded shall have the jurisdiction of making the settlements.”
Taking together the Revised Statutes and these sections of the Civil Code, there remains no doubt but that the several county courts of this state have jurisdiction to settle the accounts of all fiduciaries appointed by them, or when the deed creating the trust 'is recorded in the clerk’s office of their respective counties.
The Mercer County Court had jurisdiction to settle the accounts of these trustees, because the deed creating the trust had properly been recorded in the Mercer County clerk’s office.
This record was referred to in the petition, and should have been received as evidence, though informal in not *540 stating that it was a settlement made with the Mercer County Court instead of the presiding judge of said court; yet the clerk certifies that it is a true copy of the settlement made with the Mercer County Court, which is on file in this office.”
As it is evident it was regarded and intended as a settlement with the county court, and filed as part of its records and archives,- to reject it because of this informality would be to adopt a too rigid rule as to the records of these inferior courts, detrimental to the public good and hazardous to the individuals who necessarily have business done by such courts.
Regarding this record as evidence, the court erred in dismissing the petition absolutely, but should have adjudicated the rights of the parties, though it was reprehensible carelessness not to produce evidence before the commissioner when notified to do so.
On a return of the cause the court will again refer it to a commissioner, who shall by writing notify the parties of the time and place to take evidence, in order for him to settle the accounts; and should the plaintiffs then fail to produce such evidence, upon a report of this fact by the commissioner, and a return of execution on such notice, the court, without hearing any other evidence, shall dismiss plaintiff’s petition absolutely.
Judgment reversed for further proceedings as herein indicated.